IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FIRESTONE FINANCIAL, LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CYBERZONE, LLC, *et al.*, )<br>)<br>Defendants. ) | CIV. ACT. NO. 3:22-cv-568-ECM<br>(WO) |

**MEMORANDUM OPINION and ORDER**

The Plaintiff Firestone Financial, LLC ("Firestone") filed this action on September 23, 2022, bringing breach of contract, breach of guaranty and replevin claims against Cyberzone, LLC, Elaine Mary Bak, and Simon J. Bak. (Doc. 1). The Defendants failed to answer the complaint, and, on November 15, 2022, the Clerk of the Court entered default against all Defendants. (Doc. 13).

Pending before the Court is the Plaintiff's Motion for Default Judgment. (Doc. 12). Upon review of the record and applicable law, and for reasons stated herein, the motion for default judgment (doc. 12) is due to be GRANTED.

**I. JURISDICTION AND VENUE**

The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Firestone is a limited liability corporation whose member is Berkshire Bank, a Massachusetts-chartered bank with its principal place of business in Massachusetts. Elaine

and Simon Bak are citizens of Alabama. The requisite amount in controversy exceeds $75,000.00. Personal jurisdiction and venue are uncontested.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the procedure for obtaining a default judgment. When a defendant "has failed to plead or otherwise defend," and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

A default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead "only an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.,* 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004)(citation omitted); *see also Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("The defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("A default judgment cannot stand on a complaint that fails to state a claim."). "When a defendant defaults, he "admits the plaintiff's well-pleaded allegations of fact." *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015)(quoting *Lary v. Trinity Physician Fin. & Ins. Servs.,* 780 F.3d 1101, 1106 (11th Cir. 2015) (quotation marks omitted)).

The court may but is not required to hold a hearing before entering a default judgment. "Given its permissive language, Rule 55(b)(2) does not require a damages

2

hearing in every case." *Giovanno*, 804 F.3d at 1366. Pursuant to Rule 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." If the record is sufficient, a district court may determine damages without a hearing. *See Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985). When assessing damages, a district court must "assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 17 F.3d 1264, 1266 (11th Cir. 2007).

### III. FACTS AND PROCEDURAL HISTORY

The following facts are taken from the complaint (doc. 1) and the evidentiary material filed in support of the motion for default judgment (doc. 12).

On June 30, 2015, Firesetone, as lender, and Cyberzone, as borrower, entered into a Master Security Agreement wherein Firestone held a first priority security interest in the collateral of Cyberzone including all equipment held by Cyberzone. (Doc. 1 at 2, para. 7). Defendants Elaine and Simon Bak executed a Master Unlimited Guaranty in which they guaranteed the payment and performance of all liabilities and agreements of Cyberzone. (*Id*. at 3, para. 8). Cyberzone subsequently executed three promissory notes in favor of Firestone, which Elaine and Simon Bak also fully guaranteed. In July, 2022, Cyberzone defaulted on the promissory notes.

3

Firestone seeks to recover on the promissory notes and guarantees. It also seeks to recover the equipment in the possession of Cyberzone. According to Firestone, the unpaid accelerated balance on the first loan is $13,027.75. Including fees and prejudgment interest, Cyberzone owes $13,571.81 on the loan. Firestone asserts that Cyberzone owes $71,973.70 inclusive of fees and interest on the second loan, and $87,231.83 inclusive of fees and interest on the third loan, for a total owed of $172,777.34. Defendants Elaine Bak and Simon Bak personally guaranteed Cyberzone's obligations to Firestone under the loans.

The Court ordered that the Defendants to show cause why the motion for default judgment should not be granted. (Doc. 16). No response to the show-cause order was received. Although the Defendants have been served with notice of this action, (docs. 6–80, none of the Defendants have participated in this case.

## IV. DISCUSSION

In the Eleventh Circuit there is a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003). Although default judgments are not favored, they are appropriate when the adversary process has been halted because of an unresponsive party. *Flynn v. Angelucci Bros. & Sons, Inc.,* 448 F. Supp. 2d 193, 195 (D.D.C. 2006) (citation omitted). In addition, it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985). Where, as here, the Defendants have failed to

respond to pleadings or otherwise acknowledge the pendency of this lawsuit after being served, entry of default judgment may be appropriate.

"The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.,* 2009 WL 4349806 at *2 (M.D. Fla. 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009)).  In deciding whether the allegations in the complaint are well pleaded, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotations omitted).  Specifically, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

A breach of contract claim requires a showing of (1) the existence of a valid contract binding the parties in the action, (2) performance under the contract, (3) the defendant's non-performance, and (4) damages. *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 303 (Ala. 1999).  As set forth above, Firestone alleges that it entered into contracts to lease equipment and loan money to the Defendants, which have neither been returned nor repaid. The Plaintiff alleges that it performed its obligations under the agreements, including the payment of funds.  Defendants Elaine Bak and Simon Bak entered into contracts guaranteeing the loans which have not been repaid. These allegations, admitted as true by virtue of the Defendants' default, establish the elements of liability for breach of contract and breach of the guaranty contracts.

On the issue of damages for breach of contract, when "all essential evidence is already on record," a hearing is not required. *See Sec. Exch. Comm'n*, 420 F.3d at 1231–32 & n.13; Fed. R. Civ. P. 55(b)(2). Having considered the Plaintiff's evidentiary submissions, including the Declaration of Steven Principi and attachments, (doc. 12-4), the Court finds that the Plaintiff has established that it is entitled to recover $172,777.34 from the Defendants for the breach of the identified agreements. This amount includes late fees, NSF fees, and prejudgment interested as required by the contracts. (*See* Doc. 12–4, Ex. 9 at 1–2, para. 7). The complaint provides a sufficient basis to support a finding that the Defendants are liable to the Plaintiff in the amounts sought for breach of contract.

In addition, the contracts provide for the recovery of attorney's fees and costs. (*See* Doc. 12–4, Ex. 11). Attached to the motion for entry of default judgment are the declarations of Attorney C. Randall Woolley (doc. 12-5) and E. B. Harrison (doc. 12-6). Attorney Woolley incurred attorney's fees in the amount of $6,187.50 and costs in the amount of $35.57 for representing Firestone in this matter. Attorney Harrison incurred attorney's fees in the amount of $1,375 and costs in the amount of $605.70 for representing Firestone in this matter.

Attorney Woolley, who has practiced law for 20 years, charged his and his senior associate's time at an hourly rate of $275, while his associate billed his time at $260 per hour. The firm expended 22.5 hours in total representing Firestone. Attorney Harrison has practiced law for over 20 years and charged his time at an hourly rate of $250. He spent 5.5 hours representing Firestone. After review of counsel's declarations, and in the absence

of any objection from the Defendants, the Court concludes that the hourly rates requested and time expended are reasonable and necessary to litigate this matter.

In addition, the Defendants do not challenge the amount of costs incurred in this case by Attorneys Woolley and Harrison, which the Court concludes are reasonable and necessary to litigate this matter.

## V. CONCLUSION

Accordingly, for the reasons discussed above, and for good cause, it is

ORDERED that the Plaintiff's Motion for Default Judgment (doc. 12) is GRANTED, and Firestone is awarded damages in the amount of $172,777.34 plus pre- and post-judgment interest. It is further

ORDERED that Firestone is awarded attorney fees in the amount of $7,562.50 and costs in the amount of $641.27.

A separate final judgment will be entered.

DONE this 17th day of May, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE